UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| MATTHEW SHERMAN PHILLIPS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JERRY EDWARD ROBBINS, JR. et )<br>al., )<br>)<br>Defendants. ) | Case No. 5:16-cv-01483-LSC-HNJ |

**MEMORANDUM OPINION**

The magistrate judge filed a report on October 27, 2017, recommending the court decline jurisdiction over plaintiff's Petition for Injunction, deny his requests for preliminary and permanent injunctive relief, and dismiss this action without prejudice for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A(b). (Doc. 22). The plaintiff filed objections to the report and recommendation. (Doc. 23).

Plaintiff argues "the 'R&R'" is premature because Federal Rules of Civil Procedure 8 and 12(b) state that the parties, not the court, are to file pleadings regarding claims and defenses. (*Id.* at 2). He further contends "the 'R&R'" violates the Fourteenth Amendment because "it fails to allow" service of a summons and complaint on the defendants and fails to afford the defendants the "opportunity" to move for dismissal on pleading grounds. (*Id.*).

The Court overrules plaintiff's objections. The Prison Litigation Reform Act requires the court to screen a prisoner's complaint against government employees "before docketing" or "as soon as practicable" thereafter and also requires the court to dismiss the complaint if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(a), (b)(1); *see Jones v. Bock*, 549 U.S. 199, 202 (2007) ("the PLRA mandates early judicial screening of prisoner complaints"). Further, Rule 12(b)(6) governs the § 1915A(b) standard for failure to state a claim. *Id.* at 215 ("A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief.") Finally, there exists no Supreme Court precedent to support the plaintiff's assertion that § 1915A is constitutionally suspect on Fourteenth Amendment grounds.

In addition, the plaintiff objects to the dismissal of his claim that "the defendants" were deliberately indifferent to his serious medical needs. (Doc. 23 at 3-7). Quoting several excerpts from the magistrate judge's report and recommendation, the plaintiff insists that when the facts contained in those quotations are taken as true, he has plausibly stated an Eighth Amendment claim for the "'serious injury'" to his back, *i.e.*, "'herniated discs.'" (*Id.* at 4-7) (quoting Doc. 22 at 6-10, 15-16, 18). Plaintiff identified defendants Nurse McIntosh, Nurse Practitioner Dryer, and Dr. Robbins in the excerpts. (*Id.* at 4).

2

Plaintiff argues the results of an April 19, 2016, MRI prove he "injured his back working in the prison laundry" on April 15, 2015, and also prove defendants McIntosh, Dryer, and Robbins treated him "with disregard . . . to his im[m]ediate suffering and needs" and set out "to discredit," "threaten," and "outright lie" to him. (*Id.* at 3-4; *see* Doc. 19 at 26 (wherein Dr. Robbins informed plaintiff that the MRI revealed a bulging disc was pressing on his sciatic nerve)). He also declares "the defendants" tried "to cover up" his injury by providing "unnecessary treatments, without adhering to the professional standards of tests, such as an MRI." (*Id.* at 6).

The plaintiff's objections lack merit. The excerpts plaintiff chose to support his objections include a May 15, 2015, opinion by a Ms. Means that plaintiff suffered nerve damage, and a July 22, 2015, record indicating that one Dr. Pavirov refused to order a CT scan or MRI as requested by the plaintiff. (Doc. 23 at 4). As stated previously, plaintiff did not name Means and Pavirov as defendants in his action. Additionally, the plaintiff ignores that Means and Pavirov possessed the results of his April 30, 2015, x-ray when they examined him and omits that Dr. Pavirov diagnosed him with "sacroiliac joint pain." (Doc. 19 at 18-19). Means treated the plaintiff's pain with steroids and Pavirov prescribed Ibuprofen. (*Id.* at 19).

To the extent plaintiff argues that Means' and Pavirov's treatment establishes defendant McIntosh's deliberate indifference to his need for emergent care on April 15, 2015, the Court overrules his objections. The magistrate judge correctly reported that "defendant McIntosh made a medical judgment call as to the nature and extent of his injury" on April 15, 2015, and treated him accordingly. (Doc. 22 at 26) (quoting *McElligott v. Foley*, 182 F.3d 1248, 1259 (11th Cir. 1999) ("a plaintiff must show a defendant's treatment involves "something more than a medical judgment call, an accident, or an inadvertent failure.") (internal citation omitted).

The plaintiff also argues defendant Dryer's deliberate indifference to his serious medical needs is plausible because Dryer told him there was nothing wrong with him and accused him of medication-seeking during an August 15, 2015, teleconference. (Doc. 23 at 4) (citing Doc. 22 at 10).[1] The plaintiff's objection lacks merit. He declares defendant Dryer is a Mental Health Nurse Practitioner who assessed his complaints of depression, which purportedly surfaced because plaintiff did not have treatment for his back injury during the August 15, 2015, teleconference. (Doc. 19 at 6, 19-20). As a Mental Health Nurse Practitioner, Dryer was not responsible for and had no personal involvement in the medical care provided to the plaintiff for his back. The plaintiff knew that he needed to file a

---

[1] The plaintiff's amended complaint did not make it clear that Dryer's comment concerned his back as opposed to his mental health issues. (Doc. 19 at 19-20).

4

sick call request for *medical* attention if he needed follow-up care for his back because personnel instructed him to do so repeatedly. (*Id.* at 18-19). He also knew the medical staff, not the mental health staff, was charged with treating his back injury. (*Id.*). As such, there are no facts in the plaintiff's amended complaint that plausibly state a claim against defendant Dryer for deliberate indifference to his serious medical needs.

Plaintiff's objections to the dismissal of his medical care claim against Dr. Robbins also lack merit. Robbins did not begin to treat the plaintiff until January 10, 2016, some nine months after he fell in the laundry room. (*Id.* at 21). On that date, Robbins prescribed a steroid, an NSAID, and a muscle relaxer for his complaints of back pain. (*Id.*). When the plaintiff continued to complain, Robbins ordered a CT scan on February 26, 2016. (*Id.* at 22-23). Based on the results of the CT scan, Dr. Robbins arranged for the plaintiff to consult with an outside specialist and, other than a recommendation the plaintiff continue taking opiates, Robbins followed that specialist's recommendations to the letter. (*Id*. at 23-27, 30-31). Robbins also continually prescribed the plaintiff steroids, NSAIDS, muscle relaxers, neuropathic analgesics, anti-depressants, and possibly opiates in response to his complaints of back pain. (*Id.* at 21-23, 29-30).

In his objections, plaintiff points to an excerpt of the magistrate judge's report citing his allegation that he received a back brace on June 9, 2016, although

he had requested the back brace since the date of his April 15, 2015, injury. (Doc. 23 at 4). Again, Robbins did not begin to treat the plaintiff until January 10, 2016, and plaintiff never alleges that Robbins denied any requests for a back brace. (Doc. 19 at 21). Rather, he simply alleges that Robbins refused to renew his opiate prescription on May 16, 2016, although he did order a back brace. (*Id.* at 26). Considering these allegations and all of the other ongoing medical care Robbins provided, the plaintiff failed to state a claim against defendant Robbins for any supposed delay in prescribing a back brace.

Plaintiff dedicates his objections generally to complaining that deliberate indifference is plausible because defendants did not follow the "standard of care" when they failed to immediately order an MRI and provided "unnecessary treatments." (Doc. 23 at 5-6). These objections amount to a difference of opinion between him and the medical defendants. Such allegations do not state an actionable Eighth Amendment claim. *See Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991) ("a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment [cannot] support a claim of cruel and unusual punishment.").

Finally, plaintiff lodges a conclusory argument that the defendants refused to adequately treat his back injury because they "believed" he "was otherwise attempting to use [this] legal suit[] to exact revenge upon them." (Doc. 23 at 3).

6

The plaintiff averred no such claim in his amended complaint (doc. 19 at 9-16), and the magistrate judge expressly instructed him that "[o]bjections should not contain new allegations, present additional evidence, or repeat legal arguments." (Doc. 22 at 62). Accordingly, the court will not consider this argument.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, and the objections thereto, the court hereby **ADOPTS** the magistrate judge's report and **ACCEPTS** the recommendation. Therefore, in accordance with 28 U.S.C. § 1915A(b), the Court declines jurisdiction over the plaintiff's Petition for Injunction, denies his requests for a preliminary and permanent injunction are due to be denied, and dismisses this action without prejudice for failing to state a claim upon which relief can be granted.

A Final Judgment will be entered.

**DONE** AND **ORDERED** ON DECEMBER 1, 2017.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704